**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA SMITH, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CAROLYN W. COLVIN, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ————————————————) | CASE NO. CV 13-02222 RZ <br><br> MEMORANDUM OPINION <br> AND ORDER |

This matter comes before the Court on Plaintiff Barbara Smith's application to review the Social Security Commissioner's decision denying her request for disability benefits. The Court must affirm if substantial evidence supports the Commissioner's decision and the decision is free from legal error. *Drouin v. Sullivan*, 966 F.2d 1255, 1357 (9th Cir. 1992).

Plaintiff asserts that the Administrative Law Judge wrongly disregarded the opinion of the consulting psychiatrist Dr. Goldsmith. Dr. Goldsmith suggested a number of functional limitations, but the Administrative Law Judge did not adopt them. [AR 31] An administrative law judge is not required to agree with the opinions of the consultant, and his disagreement will be upheld if he supports the disagreement with clear and convincing evidence. The Administrative Law Judge did so here. Except that Plaintiff appeared disheveled and her mood was dysphoric, Plaintiff presented to Dr. Goldsmith

with no mental difficulties. [AR 361-62] The Administrative Law Judge noted this discrepancy, and accordingly, it was appropriate for him to conclude that the suggested functional limitations did not flow from the results of his examination. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Plaintiff also complains that the Administrative Law Judge did not discuss the statements of two state examiners, Drs. Gold and Chiang. The argument is not persuasive. When additional medical records were received after the state consultant had conducted a records evaluation [AR 378-394], Social Security personnel presented the records to Drs. Chien and Gold and asked if the new records changed anything. [AR 420-21] Dr. Chien stated that they did not. [AR 421] Dr. Gold stated: "I have reviewed the evidence in the file and the above summary. I **affirm** the assessment dated January 19, 2012 as written that the claimant is capable of SRT. [¶] I make this **affirmation** as the claimant does not assert any worsening of symptoms and states the following: 'I AM STILL DISABLED'. [¶] There is no evidence of further treatment or additional medical evaluations to substantiate the claimant's allegation. [¶] The original assessment was substantive and technically correct." (Bolding, underlining and capitalizing in original). For his part, Dr. Chiang merely added his name following a box that was checked stating that the findings completed the medical portion of the disability determination. [AR 421] From these comments, Plaintiff selects the one that says in part "the claimant is capable of SRT," and says that the Administrative Law Judge should have addressed this. Presumably, "SRT" means "simple, repetitive tasks." However, Plaintiff ignores the rest of the sentence, where Dr. Gold stated that he affirmed the previous assessment (in which the evaluator found Plaintiff "can perform simple and some complex tasks" [AR 394]). Plaintiff also ignores the entire thrust of the comments, which was that there was nothing new to change the evaluation. Indeed, as to mental limitations, the summary presented to the doctors noted that there was no additional evidence received at all. [AR 421] Read in context, therefore, there was nothing substantial for the Administrative Law Judge to address here. And, of

course, an administrative law judge is not required to address every piece of evidence. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).

Plaintiff constructs an elaborate argument about reasoning levels required of office workers and limitations on Plaintiff's capacity to work. This argument assumes that Plaintiff was limited to simple, repetitive tasks, an assumption that, as demonstrated above, is not correct. Nor is it an assumption the Administrative Law Judge made. Rather, the Administrative Law Judge found that Plaintiff could perform low stress tasks, and have contact with the public, as long as the contact was superficial. [AR 28] The vocational expert testified that Plaintiff thereby could perform her past relevant work [AR 67], and that his testimony was consistent with the Dictionary of Occupational Titles. [AR 68] Under the facts of this case, there was no error here.

Plaintiff's last argument is that the Administrative Law Judge wrongly disbelieved her. She points to the "excess pain" cases, *see, e.g., Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*), which require the administrative law judge to provide specific and legitimate reasons for not believing a claimant. The Administrative Law Judge here complied with this standard. He indicated inconsistencies between Plaintiff's testimony and the medical record, a factor that he is entitled to consider. *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001). He indicated the generally conservative nature of Plaintiff's treatment, and the absence of a doctor's opinion that Plaintiff was as limited as she contended. *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995). He indicated Plaintiff's lack of effort on a medical test, as stated by one of her doctors. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). And, he indicated some inconsistency between Plaintiff's assertions of total inability to work and her current activities. *Bunnell*, 947 F.2d at 346; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Plaintiff disputes some of these findings by focusing on them *seriatim* (and overstating the nature of the reliance on individual findings), but together they provide legitimate reasons for fashioning a residual functional capacity that was less limited than Plaintiff claimed. The Court finds no error here.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: February 21, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE